# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01703-COA

RONNELL PHILLIPS A/K/A RONELL KWAME PHILLIPS A/K/A RONELL PHILLIPS A/K/A RONNELL K. PHILLIPS A/K/A RONELL KWAMEE PHILLIPS A/K/A RONNELL KWAMNE PHILLIPS                                   APPELLANT

v.

STATE OF MISSISSIPPI                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/20/2013 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, CONSPIRACY, AND SENTENCED TO FIVE YEARS; COUNT II, SHOOTING INTO A DWELLING, AND SENTENCED TO TEN YEARS; AND COUNT III, MURDER, AND SENTENCED TO FORTY YEARS, WITH SENTENCES IN ALL THREE COUNTS TO RUN CONSECUTIVELY TO EACH OTHER AND TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 02/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

LEE, C.J., FOR THE COURT:

¶1. In this appeal, we must determine whether the trial court erred in failing to grant a mistrial after comments made by two State witnesses. Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2. Ronnell Phillips was convicted of Count I, conspiracy; Count II, shooting into a dwelling; and Count III, murder. He was sentenced to, respectively, five years, ten years, and forty years. All counts were ordered to run consecutively to each other and to be served in the custody of the Mississippi Department of Corrections.

¶3. Phillips filed post-trial motions, which were denied. Phillips now appeals, asserting that the trial court erred by failing to grant a mistrial in two instances: (1) when a police officer commented about Phillips's refusal to make a statement, and (2) when a witness testified that Phillips was a member of a gang.

## FACTS

¶4. On the night of August 13, 2011, Phillips had been texting and calling Janisha Rice, making threats to Janisha and her mother, Cassandra Rice. At one point, Phillips arrived at Cassandra's house in Lamar County looking for Janisha. He knocked on the door and when Cassandra opened the door, he showed Cassandra and her other daughter, Alexia, a gun. After closing the door and calling the police, Alexia testified she heard gunshots. Four 911 calls were made from Cassandra's home that night, reporting Phillips's threats and gunshots. Early on the morning of August 14, 2011, Phillips fired a gun into the house. Cassandra was struck in the head, and later died from her injuries.

¶5. Phillips, Oscar Scott, and Terrance Bolton were all arrested for Cassandra's murder.

2

Nathan Smalls was implicated but fled the country.

## DISCUSSION

### I. COMMENT REGARDING RIGHT TO REMAIN SILENT

¶6.    In his first issue, Phillips argues the trial court erred in failing to grant a mistrial when a police officer commented on Phillips's refusal to make a statement. During the State's examination of Marc Ogden, an investigator with the Lamar County Sheriff's Department, the following exchange occurred:

| State: | After Ronnell Phillips was arrested, what did you do? |
|---|---|
| Ogden: | I attempted to interview [Phillips], read him his *Miranda*[1] warning. He - - |
| Mr. Hightower: | Your Honor, Your Honor, I need to approach. |

(BENCH CONFERENCE AS FOLLOWS)

| Mr. Hightower: | Your Honor, this witness just testified that he spoke with the defendant and read him his *Miranda* warning. He's fixing to say, I believe, that he did not tell him anything. As a result, we believe that this is commenting on the defendant's right to remain silent and it has no burden on this case. And at this point, we move for a mistrial. |
|---|---|

After excusing the jury, the trial court denied Phillips's motion for a mistrial, stating that "as soon as you objected, [Ogden] stopped any other testimony[,] and the jury has no idea whether or not a statement was made or the defendant refused to make one."

¶7.    We review a trial court's decision to grant or deny a mistrial under our familiar abuse-of-discretion standard of review. *Gossett v. State*, 660 So. 2d 1285, 1290 (Miss. 1995). "If a question arises as to the prosecution's comment on the defendant's failure to testify, each

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

case must be considered on an individual basis on the facts of that particular case." *Crutcher v. State*, 68 So. 3d 724, 728 (¶6) (Miss. Ct. App. 2011) (citing *De La Beckwith v. State*, 707 So. 2d 547, 584 (¶148) (Miss. 1997)). If such an error does occur, the witness's comment "is deemed harmless beyond a reasonable doubt where the evidence of guilt is 'so overwhelming that the jury would have returned a guilty verdict in spite of the prosecutor's comment.'" *Id*. (quoting *De La Beckwith*, 707 So. 2d at 584 (¶148)).

¶8. This case is similar to *Gossett*, where the State's elicitation of an improper comment regarding Gossett's refusal to make a statement was not reversible error, as Gossett was interrupted before actually making the improper comment. *Gossett*, 660 So. 2d at 1291. The court stated, "It is questionable from this standpoint whether any error had occurred as [Gossett] was silenced before actually making an improper comment." *Id*. The court further stated that even if Gossett had answered, any error would have been harmless due to the overwhelming evidence of Gossett's guilt. *Id*.

¶9. In this instance, Ogden was silenced before making an improper comment; thus, we can find no abuse of discretion by the trial court in denying Phillips's motion for a mistrial. We further note that any error would be harmless due to the overwhelming evidence of Phillips's guilt.

¶10. Phillips further argues the State compounded the error by arguing in closing that "You don't have contradicting testimony." Phillips contends this is a comment on his right to remain silent. In *Weathersby*, we stated that "a prosecutor may not, even indirectly, comment adversely on the defendant's failure to testify in his own defense. [However], the court has found that adverse comments on the defendant's failure to present any defense at all are not

4

a prohibited form of argument to the jury." *Weathersby v. State*, 769 So. 2d 857, 861 (¶17) (Miss. Ct. App. 2000) (citations omitted). Here, the State was commenting on the total lack of evidence presented by Phillips to contradict the proof introduced by the State. We find no merit to this issue.

## II. GANG-MEMBER COMMENT

¶11. In his other issue on appeal, Phillips argues the trial court erred in failing to grant a mistrial where an accomplice witness told the jury that Phillips was a gang member. Bolton was also indicted with Phillips, but was testifying for the State as part of a plea deal. During the State's examination, Bolton testified that he "was on [his] way to the [casino] when a friend of [Phillips] or one of his gang members asked me - -." At this point, Phillips objected, and the trial court excused the jury. The trial court denied the request for a mistrial and, once the jury returned, instructed them to disregard Bolton's answer.

¶12. In similar cases, where the defendant's alleged gang affiliation was mentioned, this Court has affirmed where the trial court admonished the jury to disregard the question or testimony. *See Johnson v. State*, 101 So. 3d 717, 722-23 (¶19) (Miss. Ct. App. 2012) ("[W]e presume that the jury followed the [trial court's] instructions to disregard the comment."); *Lenox v. State*, 727 So. 2d 753, 757 (¶27) (Miss. Ct. App. 1999) ("[A]ny prejudicial effect caused by the reference to gang membership . . . was cured by the [trial court's] instruction to the jury."). *See also Hoops v. State*, 681 So. 2d 521, 528-29 (Miss. 1996) ( "[N]o serious or irreparable damage resulted from [the witness's] remarks[,] . . . [and] the jury [was] presumed to have followed the admonition of the trial [court] to disregard [the witness's] remarks; [thus] there [was] no merit to Hoops's contention that the remarks constituted

5

reversible error.").  We find no merit to this issue.

¶13.    **THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CONSPIRACY, AND SENTENCE OF FIVE YEARS; COUNT II, SHOOTING INTO A DWELLING, AND SENTENCE OF TEN YEARS; AND COUNT III, MURDER, AND SENTENCE OF FORTY YEARS, WITH SENTENCES IN ALL THREE COUNTS TO RUN CONSECUTIVELY TO EACH OTHER AND TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.**

**IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.  BARNES, J., CONCURS IN PART AND IN THE RESULT.**